UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:05CR90 HEA |
| | ) (FRB) |
| DAVID WAYNE POWELL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM,**
**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

All pretrial motions in the above cause were referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b). The defendant filed a Motion to Suppress. Testimony and evidence was adduced on the defendant's motion at a hearing before the undersigned on October 7, 2005. The defendant requested and was granted leave to file a post-hearing memorandum of law, which was filed on November 3, 2005. From the testimony and evidence adduced at the hearing the undersigned makes the following findings of fact and conclusions of law:

Findings of Fact

On March 4, 2003, Jason Ward was employed as a Deputy/Investigator with the New Madrid County, Missouri, Sheriff's Department. On that date he was investigating the reported theft of irrigation equipment from farm property owned by Butch Lawfield. In the course of the investigation Deputy Ward was in the company

of Mr. Lawfield in the City of New Madrid, Missouri. At about 10:00 p.m. while in Mr. Lawfield's company Deputy Ward saw a vehicle which he recognized parked nearby at an apartment complex. Deputy Ward noted the vehicle to Mr. Lawfield and asked if the vehicle was the one belonging to David Powell. David Powell is the son-in-law of Mr. Lawfield, being married to Mr. Lawfield's daughter Angela. Mr. Lawfield responded by telling Deputy Ward that it was Mr. Lawfield's understanding that David Powell was either in, or on his way, to the State of Mississippi.

The vehicle in question was a black colored Dodge Durango, which had dark tinted windows and customized wheels. Deputy Ward had seen David Powell driving the vehicle on numerous occasions in the past. Deputy Ward had also talked with other law enforcement officers who had informed him that they too had seen David Powell driving the vehicle. The vehicle which Deputy Ward had seen Powell driving in the past bore Missouri license plates which were registered to David and Angela Powell. On the night of March 4, 2003, when he observed the vehicle Deputy Ward was unable to see the license plate number on the vehicle nor was he able to see if anyone was in the vehicle. At the motion hearing the defendant presented evidence that several persons other than David Powell had driven the vehicle in the past. Officer Ward could not recall whether he had seen anyone other than David Powell driving the vehicle or whether any other law enforcement officers had told him they had seen other persons driving the vehicle. The defendant presented evidence at the hearing that there was another similarly

described vehicle which was owned and operated by another individual residing in the area. There is no evidence that Deputy Ward was aware of the existence of this other similarly described vehicle.

Deputy Ward was familiar with David Powell from previous investigations. As a result of a record check which he had previously conducted Deputy Ward was aware that David Powell did not have a valid Missouri driver's license. At some point after 10:00 p.m. on March 4, 2003, Deputy Ward contacted Officer John Henson of the City of New Madrid Police Department. Deputy Ward told Officer Henson of his interest in the Dodge Durango parked at the apartment complex in New Madrid. Deputy Ward asked Officer Henson to conduct a surveillance of the vehicle and asked Officer Henson to stop the vehicle if it was driven away because the driver did not have a valid license. Officer Henson took up a position from which he could observe the vehicle and conducted surveillance.

At about 12:00 midnight Officer Henson saw the vehicle drive away from the area where it was parked. He was unable to see who had entered the vehicle. Officer Henson pursued the vehicle and eventually stopped the vehicle using the emergency lights on his police vehicle. Deputy Ward, who was nearby in his police vehicle, drove to the scene of the stop, arriving shortly after the stop was initiated. Officer Henson then approached the Durango on the driver's side and Deputy Ward approached on the passenger side. Officer Henson asked the driver to produce his driver's license and proof of insurance document. The driver told Officer Henson that

he did not have his driver's license with him and was unable to produce proof of insurance. The driver produced a water vessel chauffeur's license in the name of David Powell. Officer Henson then ran a computer check through the dispatcher which verified that David Powell did not have a valid Missouri driver's license. Officer Henson then placed the driver under arrest for driving without a valid license and failure to produce proof of insurance.

Officer Henson and Deputy Ward then searched the Durango. They found and seized several items including a Missouri resident deer tag, a hunting license, a ball point pen casing on which was later found methamphetamine residue, and a 7 millimeter ammunition shell. The shell underlies the charge in Count I of the superseding indictment.

David Powell was transported to the New Madrid County Sheriff's Department station. Once there, Deputy Ward advised the defendant of his <u>Miranda</u> rights and the defendant thereafter made statements incriminating to him as to charges made in the indictment.

On the following day Deputy Ward applied for and received a warrant to search the residence of David Powell. Deputy Ward then executed the search warrant and found and seized items of evidentiary value. The affidavit submitted in support of the search warrant was based on the items seized from the Durango on March 4, 2003, and statements made to Deputy Ward by David Powell following his arrest on March 4, 2003.

## Discussion

The sole basis asserted by the defendant in support of his Motion to Suppress is that the initial stop of his vehicle was unlawful and that all items of evidence subsequently seized and all statements made thereafter by him were the fruit and result of such unlawful stop.

In Terry v. Ohio, 392 U.S. 1 (1968), the Supreme Court held that a police officer may stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that a crime is being or has been committed by the person stopped. The rationale of Terry applies as well to the stop of persons driving in an automobile. United States v. Bell, 183 F.3d 746, 749 (8th Cir. 1999). An officer may not conduct an investigative stop on a mere "hunch", but "the likelihood of criminal activity need not rise to the level of probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." United States v. Arvizu, 534 U.S. 266, 274 (2002). Whether such reasonable suspicion existed in a particular situation must be determined by examining the totality of the circumstances. United States v. Cortez, 449 U.S. 411, 417 (1981). During such an investigative stop the officer may take steps to confirm or dispel his suspicions of criminal activity, United States v. Sharpe, 470 U.S. 675, 686 (1985).

Applying these principles to the circumstances in this case the undersigned concludes as a matter of law that Deputy Ward

had a reasonable articulable suspicion that the vehicle he saw on the night of March 4, 2003, was the Dodge Durango belonging to David Powell, and that if the car was being driven that David Powell would be the driver. Deputy Ward had seen the car on numerous occasions previously and recognized it because of its distinctive features. He knew that David Powell was a registered owner of the vehicle and had seen Powell driving it on numerous previous occasions. He knew that other officers had also seen David Powell driving the vehicle. He knew that David Powell did not have a valid Missouri driver's license and that if he were driving the vehicle it would be a violation of Missouri law. See R.S.Mo. § 302.020.

Based on all of these things Deputy Ward was justified in directing Officer Henson to stop the vehicle if it was driven away. Even though Officer Henson may not have had personal knowledge of all of the things known to Deputy Ward he was justified in relying on the information relayed to him by Deputy Ward in making the stop of the vehicle. United States v. Riley, 927 F.2d 1045, 1048-49 (8th Cir. 1991).

Upon stopping the vehicle Officer Henson promptly approached the driver who identified himself as David Powell. Powell was unable to produce a valid driver's license or proof of insurance for the vehicle and was arrested for those violations. See R.S.Mo. §§ 302.020; 302.181(3), and 303.024.

The stop of the defendant's vehicle and his subsequent arrest were lawful.

<u>Conclusion</u>

For all of the foregoing reasons the defendant's Motion to Suppress (Docket No. 22) should be denied.

Accordingly,

**IT IS HEREBY RECOMMENDED** that the defendant's Motion to Suppress (Docket No. 22) be denied.

The parties are advised that they have eleven (11) days in which to file written objections to this Report and Recommendation. Failure to timely file objections may result in waiver of the right to appeal questions of fact. <u>Thompson v. Nix</u>, 897 F.2d 356, 357 (8th Cir. 1990).

*[signature: Frederick R. Buckles]*
UNITED STATES MAGISTRATE JUDGE

Dated this 8th day of December, 2005.